**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Richard P. Matsch, Senior District Judge**

Civil Action No. 11-cv-02550-RPM

SIAMAK AMIRINOOR,

      Plaintiff,

v.

THE UNITED STATES OF AMERICA,

      Defendant.

_____

**ORDER FOR FILING AND DISMISSAL OF COMPLAINT**
_____

This civil action was terminated when plaintiff's counsel, Kimberly Alford Everette filed

Notice of Dismissal Without Prejudcie on July 9, 2013 [doc. 41]. On November 3, 2014, Mr.

Siamak Mark Amirinoor tendered a document titled Complaint and Jury Demand to the Clerk of

this Court. The First paragraph reads as follows:

> COMES NOW the plaintiff, Mr. Siamak Mark Amirinoor files this notice of
> reinstatement of the lawsuit filed on September 29th, 2011 Civil Action No: 1:11-
> cv-02550-RPM Such reinstatement is proper pursuant to Federal Rules of Civil
> Procedure Rule 59(b)(3).

Fed.R.Civ.P. 59(b)(3) does not exist. Presumably Mr. Armirnoor referes to Rule

59(b)(e). In paragraph 14 of his document, Mr. Amirinoor refers to Rule 60. By his pleading the

plaintiff alleges an oral agreement with Mr. Scott Risner, government counsel, that upon

voluntary dismissal of this action Mr. Amirinoor would resubmit his facial reconstruction claim

to the Army Human Resource Command because the previous denial was a "clerical/procedural

error" The plaintiff alleges that his attorney resubmitted the claim July 9, 2013 and July 27, 2013

and

> 11     An official letter was received by the plaintiff Mr. Amirinoor dated
> October 31ST, 2013 and U.S. Mail postmarked November 5TH, 2013 then

received by the plaintiff from the defendant (Army) on November 12TH, 2013 stating Mr. Amirinoor's facial reconstruction TSGLI claim is denied even after the agreement that was reached on the issue to resolve between plaintiff and the defendant United States of America on June 17TH, 2013 outside the court room A at Byron White Courthouse, courtroom A, second floor.  See Exhibit 6 pages: 91 thru 93

Mr. Amirinoor claims breach of agreement and breach of contract, alleging jurisdiction under 38 U.S.C. § 1975.  That section provides for judicial review of an administrative decision denying a veteran's claim for TSGLI benefits.

Among the attachments to the complaint is what is now attached as Exhibit A.

The tendered complaint must be rejected because the rules cited by Mr. Amirinoor are not applicable.  To seek judicial review of an administrative decision denying TSGLI benefits on the resubmitted claim Mr. Amirinoor must file a new civil action which can be filed under 28 U.S.C. § 1915 if he is unable to pay the filing fee.

Because there is no provision for reopening the former action and because this court would have no jurisdiction to consider a contract claim based on an oral agreement with government counsel, it is

ORDERED that the complaint is filed and dismissed.

Dated: November 10th , 2014.

BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch, Senior District Judge